Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN Bar No. 303069
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
*Pro hac vice application forthcoming*

Attorneys for Plaintiff and the putative classes

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marc McCulloch, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>        Plaintiff,<br><br>   v.<br><br>Baker Hughes Inteq Drilling Fluids, Inc., Baker Hughes, Inc., and DOES 1-50, inclusive,<br><br>        Defendants. | **Case No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))**<br><br>**(3) Waiting Time Penalties (Cal. Lab. Code §§ 201–203)**<br><br>**(4) Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)**<br><br>**(5) Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code §§** |

-1-

226.7; 512)

**(6)   Violation of California Business and Professions Code §§ 17200** *et seq.*

**(7)   Violation of The Pennsylvania Minimum Wage Act, 42 P.S. § 333.101,** *et seq.*

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1.      This is a class and collective action brought by Individual and Representative Plaintiff Marc McCulloch on his own behalf and on behalf of the proposed classes.  Plaintiff and the putative class members are or were employed by Defendant Baker Hughes Inteq Drilling Fluids, Inc. and Baker Hughes, Inc. (collectively "Baker Hughes" or "Defendants"), and certain Doe Defendants, or their predecessors-in-interest, as directional drillers, and were denied proper compensation as required by state and federal wage and hour laws.  These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      Defendants have classified some directional drillers as independent contractors, and some as employees. Upon information and belief, Defendants currently pay overtime premiums to those directional drillers who are classified as employees. However, Defendants also employ directional drillers, including Plaintiff and those similarly situated, who often work alongside the employee directional drillers, yet are classified as independent contractors and are not paid overtime premiums. Hereinafter, the directional drillers that were classified as independent contractors are referred to as "independent contractor directional drillers."

3.      The FLSA Collective is made up of all persons who have worked for Defendants as directional drillers who were classified as "independent contractors" or "consultants" at any time within three years prior to this action's filing date through the trial of this action (the

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

"Collective Period").

4. The California Class is made up of all persons who have worked for Defendants as directional drillers who were classified as "independent contractors" or "consultants" in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

5. The Pennsylvania Class is made up of all persons who have worked for Defendants as directional drillers who were classified as "independent contractors" or "consultants" in the State of Pennsylvania at any time within three years prior to this action's filing date through the trial of this action (the "Pennsylvania Class Period").

6. During the Collective and the Class Periods, Defendants failed to pay overtime compensation to Plaintiff and each member of the putative classes as required by federal and state law. Plaintiff seeks relief for the California Class under California wage and hour law, the Pennsylvania Class under Pennsylvania wage and hour law, and for the Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties, and to provide accurate wage statements, in addition to injunctive relief.

## THE PARTIES

7. Individual and representative Plaintiff Marc McCulloch resides in Dyer, Indiana. He worked for Defendants from approximately May 2011 through August, 2015 as a directional driller at Defendants' worksites in areas surrounding Bakersfield (Kern County), California, and Pittsburgh (Washington County), Pennsylvania.

8. Defendant Baker, Inc. is a Delaware Corporation headquartered in Texas, with a principal executive office located at 2929 Allen Parkway, Suite 2100, Houston, Texas 77019.

9. Defendant Baker Hughes Inteq Drilling Fluids, Inc. ("Inteq") is a Delaware Corporation headquarted in Texas and is a subsidiary of Baker Hughes, Inc.. Inteq is an oilfield services company that designs, manufactures, and supplies wellbore-related products and services for drilling, formation evaluation, completion and production, and reservoir technology.

10. Defendants' gross annual sales made or business done has been $500,000.00 or

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

greater at all times relevant herein.  Defendants operate in interstate commerce by, among other things, dispatching workers and equipment to multiple states, including California and Pennsylvania.

11.     Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative collective and class members herein alleged were proximately caused by such Defendants.

12.     Defendants had a practice of unlawfully classifying some of their workers, including Plaintiff, the FLSA Collective, and California and Pennsylvania Classes, as "independent contractors" (also referred to as "consultants").

13.     Defendants maintained a practice of paying some of their workers, including Plaintiff, the FLSA Collective, and California and Pennsylvania Classes, a day rate and not paying them any overtime compensation.  Plaintiff, and other independent contractor directional drillers, were under Defendants' direction and control and were all subject to the same unlawful pay practice.

14.     Plaintiff is informed, and believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship.   Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**JURISDICTION AND VENUE**

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*  Plaintiff McCulloch has signed a consent form to join this lawsuit, which is attached as **Exhibit A**.  As this case proceeds, it is likely that

-4-

1    other individuals will join this action as opt-in plaintiffs.  This Court also has supplemental

2    jurisdiction over the California and Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

3        16.    Venue is proper in the United States District Court, Eastern District of California

4    pursuant to 28 U.S.C. § 1391, because Defendants operated facilities in Kern County, California

5    and because a substantial part of the events giving rise to the claims occurred in this district.

6        17.    This action is properly assigned to the Bakersfield Division of the Eastern District

7    of California because a substantial portion of the events or omissions giving rise to the claims

8    occurred in Kern County, California.

9                        **FACTUAL ALLEGATIONS**

10       18.    During the applicable statutory period, Plaintiff and those similarly situated

11   worked as directional drillers for Defendants.  Defendants, through their policies, practices, and

12   supervisors, directed the work activity of Plaintiff and other directional drillers.  Defendants had

13   the authority to discipline Plaintiff and other directional drillers.

14       19.    Defendants have classified (and continue to classify) their independent contractor

15   directional drillers, including Plaintiff and those similarly situated, as exempt from FLSA and

16   state wage and hour protections.

17       20.    Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes,

18   worked for or are currently working for Defendants as directional drillers, were classified as an

19   "independent contractors" or "consultants", and are or were paid a day rate with no overtime

20   premium for hours worked over forty (40) per week or eight (8) hours per day.

21       21.    Defendants unlawfully classified Plaintiff, the FLSA Collective, and the California

22   and Pennsylvania Classes as independent contractors to avoid their obligations to pay overtime,

23   and to reap the benefits of such illegal classification such as reduced tax liability, avoiding

24   workers' compensation, and passing operating costs on to the workforce.

25       22.    Plaintiff was hired by Defendants.  He, the FLSA Collective, and the California

26   and Pennsylvania Classes, worked exclusively for Defendants on a full-time and continuing basis.

27   Plaintiff and those similarly situated did not sell or advertise their services to the general public,

28   or work for any other company other than Defendants.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

23. Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes, were subject to Defendants' direction and control regarding the manner in which they performed their work. For example:

A. Defendants' drilling coordinator supervised Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes' work.  Defendants also determined and set their work schedules.

B. Defendants provided Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes the tools needed to complete their work.

C. Defendants required Plaintiff and the FLSA Collective to follow their instructions, processes, and policies regarding the method by which their work was to be completed, including a "well plan" (which outlined step-by-step processes), which was created by Defendants' drilling engineers.

D. Defendants required Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes to submit daily reports consisting of specific details outlining the work completed each day.  Defendants provided the software necessary to complete and submit these reports.

E. At certain work sites, Defendants provided Plaintiff, the FLSA Collective, and California and Pennsylvania Classes with a daily housing allowance in the form of a per diem, as they typically required them to stay at each worksite for extended periods of time.  Defendants also provided on-site housing for Plaintiff and other directional drillers at other worksites.

F. Defendants required Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes to complete weekly invoices, listing the specific days worked, locations, and expenses.  Defendants required Plaintiff and other directional drillers to have their invoices approved by Defendants' drilling coordinators.

G. Defendants required Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes to attend meetings to discuss details and specifications related to the work to be completed at worksites.

H.  Defendants required Plaintiff, the FLSA Collective, and California and Pennsylvania Classes to complete training to ensure compliance with their instructions, processes, and policies – the same training Defendants required their directional drillers classified as W-2 employees to complete.

I.  Defendants required Plaintiff, the FLSA Collective, and the California and Pennsylvania Classes to complete certain training sessions, including safety training, before they were allowed to perform any work at Defendants' work sites.

24.  Plaintiff and those similarly situated routinely worked in excess of eight (8) hours per day and forty (40) hours per week for Defendants without receiving proper overtime pay.

25.  Defendants controlled and communicated Plaintiff's work schedule to him. Specifically, Defendants required Plaintiff to work at least 12 hours per day (at times, longer). Plaintiff typically worked from 6 a.m. to 6 p.m., or 6 p.m. to 6 a.m.  Furthermore, due to the nature of the work Plaintiff performed, Defendants did not provide Plaintiff with the opportunity to take a thirty (30) minute uninterrupted meal period during his shifts.  Rather, Plaintiff was typically required to work through his shifts without a break.

26.  Defendants typically required Plaintiff to work stints that consisted of seven to ten consecutive days, with 36 hours off between stints.  His typical hours worked were from 6 a.m. to at least 6 p.m.

27.  Defendants did not keep accurate records of the hours Plaintiff and other directional drillers worked.  Defendants did not track whether Plaintiff and other directional drillers took meal or rest periods.  Because Defendants did not pay Plaintiff and other directional drillers for all hours worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours worked.

28.  Because Defendants did not pay Plaintiff and other directional drillers for all overtime hours worked, Defendants did not provide Plaintiff and other directional drillers all wages owed at the time they were no longer employed by Defendants.

29.  Defendants are aware of wage and hour laws.  In fact, Defendants recently reclassified their employee directional drillers, and now pay them overtime.

-7-

30.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

31.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are as follows:

**FLSA Collective:**     All Persons who worked for Defendants as directional drillers, classified as independent contractors or consultants, within the United States at any time starting three years prior to the filing of the initial complaint in this action until trial of this action.

33.     Upon information and belief, Defendants knew that Plaintiff and the FLSA Collective performed work that required overtime pay.  Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

34.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective.  There are numerous similarly situated current and former workers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

## CALIFORNIA STATE LAW CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**California Class:**     All Persons who worked for Defendants as directional drillers, classified as "independent contractors" and/or "consultants" in the State of California at any time starting

four years prior to the filing of the initial complaint in this action until trial of this action.

36.   <u>Numerosity</u>:   Upon information and belief, the California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 100 people who satisfy the definition of the proposed California Class.

37.   <u>Typicality</u>:   Plaintiff's claims are typical of the members of the California Class. Plaintiff is informed and believes that, like other directional drillers, he routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Period. Plaintiff had the same duties and responsibilities as other Class members.  Plaintiff and the California Class were subject to Defendants' policy and practice of improperly treating and classifying directional drillers as "independent contractors" and therefore "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal and rest breaks, and failing to maintain accurate records of hours worked.

38.   <u>Superiority</u>:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

39.   <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

40.   <u>Commonality</u>:   Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Defendants improperly treated Plaintiff and the members of the California Class as independent contractors;

b. Whether Defendants unlawfully failed to pay appropriate overtime compensation

to Plaintiff and the members of the California Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 11040), and the FLSA;

c. Whether Defendants employed Plaintiff and the members of the California Class within the meaning of California law;

d. Whether Plaintiff and the members of the California Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

e. Whether Defendants' policies and practices provide and/or authorize meal and rest periods;

f. Whether Defendants provided adequate itemized wage statements to Plaintiff and the members of the California Class pursuant to California Labor Code § 226;

g. Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq*. by violating the state and federal laws as set forth herein;

h. The proper measure of damages sustained by Plaintiff and the California Class; and

i. Whether Defendants' actions were "willful."

41.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

42.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants'

-10-

common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled.  The damages suffered by the individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

43.   Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.  The names and addresses of the members of the California Class are available from Defendants.

## PENNSYLVANIA STATE LAW CLASS ACTION ALLEGATIONS

44.   Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Pennsylvania Class:** All Persons who worked for Defendants as directional drillers, classified as "independent contractors" and/or "consultants" in the State of Pennsylvania at any time starting three years prior to the filing of the initial complaint in this action until trial of this action.

45.   Numerosity:  Upon information and belief, the Pennsylvania Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 75  people who satisfy the definition of the proposed Pennsylvania Class.

46.   Typicality:    Plaintiff's claims are typical of the members of the Pennsylvania Class.  Plaintiff is informed and believes that, like other directional drillers, he routinely worked more than forty hours per week, and more than eight hours per day, during the Pennsylvania Class Period.  Plaintiff had the same duties and responsibilities as other Class members.  Plaintiff and the Pennsylvania Class were subject to Defendants' policy and practice of improperly treating and classifying directional drillers as "independent contractors" and therefore "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation..

47.   Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation

where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

48.    Adequacy:    Plaintiff will fairly and adequately protect the interests of the California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

49.    Commonality:    Common questions of law and fact exist to all members of the Pennsylvania Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

      a.  Whether Defendants misclassified Plaintiffs and the Pennsylvania Class as independent contractors;

      b.  Whether Defendants unlawfully failed to pay Plaintiff and the members of the Pennsylvania Class overtime compensation;

      c.  Whether Defendants failed to keep accurate time records for all hours worked; and

      d.  The proper measure of damages sustained by Plaintiff and the Pennsylvania Class.

50.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Pennsylvania Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

51.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions only affecting individual members of the Pennsylvania Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the members of the Pennsylvania Class the overtime pay to which they are entitled.  The damages suffered by the individual Pennsylvania

1  Class members are small compared to the expense and burden of individual prosecution of this

2  litigation.  In addition, class certification is superior because it will obviate the need for unduly

3  duplicative litigation that might result in inconsistent judgments about Defendants' practices.

4      52.    Plaintiff intends to send notice to all members of the Pennsylvania Class to the

5  extent required by Rule 23.  The names and addresses of the members of the Pennsylvania Class

6  are available from Defendants.

7                    **FIRST CLAIM FOR RELIEF**

8                    **FAIR LABOR STANDARDS ACT**

9                    29 U.S.C. §§ 201 *et seq.*

10                 (On Behalf of Plaintiff and the FLSA Collective)

11     53.    Plaintiff and the FLSA Collective allege and incorporate by reference the

12  allegations in the preceding paragraphs.

13     54.    At all relevant times, Defendants were an "employer" engaged in interstate

14  commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29

15  U.S.C. § 203.  At all relevant times, Plaintiff and each member of the Collective Class worked for

16  Defendants.

17     55.    Plaintiff McCulloch consents in writing to be a part of this action, pursuant to 29

18  U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will sign consent forms

19  and join as plaintiffs.

20     56.    The FLSA requires each covered employer, such as Defendants, to compensate all

21  non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

22  work performed in excess of forty hours per work week.  The FLSA specifically requires that

23  employees paid on a day rate basis receive overtime pay.  29 C.F.R. § 778.112.

24     57.    Plaintiff and the FLSA Collective are entitled to be paid overtime compensation

25  for all hours worked over 40 in a workweek.  By failing to compensate Plaintiff and the FLSA

26  Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

27     58.    By failing to record, report, and/or preserve records of hours worked by Plaintiff

28  and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to

-13-

each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to himself and the Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

61. Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## OVERTIME - CALIFORNIA STATE LABOR CODE

### Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiff and the California Class)

62. Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

63. At all times relevant to this action, Plaintiff and the California Class were employed by Defendants within the meaning of the California Labor Code.

64. By the course of conduct set forth above, Defendants violated Cal. Labor Code §§ 510 and 1194.

65. The California Labor Code requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

66. Plaintiff and the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

67. During the relevant statutory period, Plaintiff and the California Class worked in excess of eight hours in a work day and/or forty hours in a work week for Defendants.

68. During the relevant statutory period, Defendants failed and refused to pay the Plaintiff and the California Class proper overtime compensation for overtime hours worked.

69.     Defendants had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and the California Class for their hours worked.

70.     As a result of Defendants' failure to pay wages earned and due, Defendants violated the California Labor Code.

71.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, prejudgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE

Cal. Labor Code §§ 201, 202 & 203

(On Behalf of Plaintiff and the California Class)

72.     Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

73.     California Labor Code §§ 201 and 202 require Defendants to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

74.     Plaintiff and the California class are entitled to unpaid overtime compensation, but to date have not received all such compensation.

75.     As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, Plaintiff and the California Class are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

//

//

//

-15-

**FOURTH CLAIM FOR RELIEF**

**CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE**

Cal. Wage Order No. 4; Cal. Labor Code § 226

(On Behalf of Plaintiff and the California Class)

76.    Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

77.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they were and are entitled.

78.    Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**

**CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS**

Cal. Wage Order No. 4; Cal. Labor Code §§ 226.7 *et seq.*, 512,

(On Behalf of Plaintiff and the California Class)

79.    Plaintiff and the California Class allege and incorporate by reference the allegations in the proceeding paragraphs.

80.    California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

81.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

82.     Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1    of pay at the employee's regular rate of compensation for each work day

2    that the rest period is not provided.

3    83.    California Labor Code section 226.7 prohibits any employer from requiring any

4    employee to work during any meal or rest period mandated by an applicable IWC wage order,

5    and provides that an employer that fails to provide an employee with a required rest break or meal

6    period shall pay that employee one additional hour of pay at the employee's regular rate of

7    compensation for each work day that the employer does not provide a compliant meal or rest

8    period.

9    84.    Defendants knowingly failed to provide Plaintiff and the California Class with

10   meal periods as required by law, and knowingly failed to authorize and permit Plaintiff and the

11   California Class to take rest periods as required by law.  Plaintiff and the California Class are

12   therefore entitled to payment of the meal and rest period premiums as provided by law.

13                          **SIXTH CLAIM FOR RELIEF**

14                      **CALIFORNIA UNFAIR COMPETITION LAW**

15                        Cal. Bus. & Prof. Code §§ 17200 *et seq.*

16                     (On Behalf of Plaintiff and the California Class)

17   85.    Plaintiff and the California Class allege and incorporate by reference the

18   allegations in the preceding paragraphs.

19   86.    The foregoing conduct, as alleged, violates the California Unfair Competition Law

20   ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by

21   prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

22   87.    Beginning at a date unknown to Plaintiff, but at least as long ago as the year 2012,

23   Defendants committed acts of unfair competition, as defined by the UCL, by, among other things,

24   engaging in the acts and practices described herein.  Defendants' conduct as herein alleged has

25   injured Plaintiff and the California Class by wrongfully denying them earned wages, and

26   therefore was substantially injurious to Plaintiff and the California Class.

27   //

28   //

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

88.     Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

> A.     Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*;
>
> B.     California Labor Code §§ 510 & 1194; and
>
> C.     California Labor Code §§ 226.7 & 512.

89.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

90.     The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

91.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

**SEVENTH CLAIM FOR RELIEF**

**OVERTIME VIOLATIONS UNDER PENNSYLVANIA STATE LAW**

The Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq.

(On behalf of Plaintiff and the Pennsylvania Class)

92.     Plaintiff and the Pennsylvania Class allege and incorporate by reference the above paragraphs as if fully set forth herein.

//

//

93.     At all times relevant to this action, Plaintiff and the Pennsylvania Class were employees of Defendant within the meaning of the Pennsylvania Minimum Wage Act ("PMWA") and entitled to its protections. *See* 43 P.S. § 333.103(h).

94.     Defendants are employers covered by the PMWA. *See* 43 P.S. § 333.103(g).

95.     The PWMA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

96.     Defendants violated the PMWA by routinely failing to compensate Plaintiff and the Pennsylvania Class for hours worked in excess of forty (40) a workweek, and with respect to such hours, failing to compensate Plaintiff and the Pennsylvania Class based upon the overtime premium pay rate of one and one-half times their regular pay rate.

97.     Plaintiff and the Pennsylvania Class seek damages in the amount of their underpayments based on Defendants' failure to pay wages due pursuant to the PMWA, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems proper.

98.     Plaintiff and the Pennsylvania Class also seek recovery of all attorneys' fees, costs, liquidated damages, pre-judgment interest, post-judgment interest, and expenses of this action that are available under the PMWA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.  Judgment that Defendants' violations as described above were willful;

E.  An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the applicable overtime rate;

F.  An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.  An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H.  An award of prejudgment interest to the extent liquidated damages are not awarded;

I.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and all members of the California Class, prays for relief as follows:

A.  Unpaid overtime wages, other due wages, injunctive relief, and unpaid meal and rest premiums pursuant to California law;

B.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.  Designation of Plaintiff as representative of the California Class, and counsel of record as Class Counsel;

D.  Appropriate equitable relief to remedy Defendants' violations of state law;

E.  Appropriate statutory penalties;

F.  An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

G.  Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code §§ 1194, and California Code of Civil Procedure § 1021.5;

H.  Pre-judgment and post-judgment interest, as provided by law; and

I.  Such other equitable relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Pennsylvania Class he represents, prays for relief as follows:

A.     Certification of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the PMWA Rule 23 Class;

B.     A finding that Plaintiff and the members of the Pennsylvania Class are non-exempt under the PMWA;

C.     A finding that Defendants violated the overtime provisions of the PMWA;

D.     Judgment against Defendants in the amount of Plaintiff and the Pennsylvania Class's unpaid back wages at the applicable rates;

E.     All damages, civil penalties, liquidated damages, pre-judgment interest and post-judgment interest;

F.     All costs and attorneys' fees incurred prosecuting this claim; and

G.     All further relief as the Court deems just and equitable.

### <u>DEMAND FOR JURY TRIAL</u>

99.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.


Dated: February 3, 2016          **NICHOLS KASTER, LLP**

                           By:     <u>s/Daniel S. Brome</u>
                                 Daniel S. Brome


                     Attorneys for Plaintiff and Others Similarly Situated

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF