UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC MCCULLOCH, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BAKER HUGHES INTEQ DRILLING FLUIDS, INC., et al.,.<br><br>Defendants. | No. 1:16-cv-00157-DAD-JLT<br><br>ORDER REGARDING CONDITIONAL CERTIFICATION AND PARTIAL STAY<br><br>(Doc. No. 23) |

On February 3, 2016, plaintiff filed this putative class action alleging violations of the Fair Labor Standards Act ("FLSA"), as well as violations of California and Pennsylvania state law. (Doc. No. 1.) On August 26, 2016, the parties filed a stipulation and a proposed order which would conditionally certify this action as a collective action under the FLSA. (Doc. No. 23.) The parties also sought to stay currently scheduled deadlines pending mediation.

Under the FLSA, an employer must pay employees that work more than forty hours in a week compensation at one-and-a-half times the regular rate earned for the time in excess of that amount. 29 U.S.C. § 207(a). By statute, an employee may bring an action on behalf of the employee and others "similarly situated" for the employer's failure to pay overtime compensation. 29 U.S.C. § 216(b). Employees must opt-in to such collective action suits via a written consent form filed with the court. *Id.*; *see also Misra v. Decision One Mortg. Co., LLC*,

673 F. Supp. 2d 987, 992–93 (C.D. Cal. 2008). "Courts have held that conditional certification requires only that 'plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision.'" *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) (quoting *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004)). "Under this lenient standard, 'the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations.'" *Id.* at 536 (quoting *West v. Border Foods, Inc.*, No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006)); *see also Misra*, 673 F. Supp. 2d at 992–93 (noting the court should make this determination based on pleadings and affidavits, apply a fairly lenient standard, and typically grant conditional class certification); *Leuthold*, 224 F.R.D. at 467 (same).

Here, the parties stipulate to the conditional certification, while defendant reserves the right to seek decertification later. (Doc. No. 23 at 3.) Plaintiff's complaint alleges defendant mischaracterized some of its directional drillers as independent contractors, and therefore failed to pay overtime as required by law. (Doc. No. 1 at 8.) The parties have stipulated to a class consisting of "all persons who provided services as consultant directional drillers, and in other independent contractor directional driller positions with similar job titles and/or job duties to Baker Hughes, at any time from three years prior to the filing of this action." (Doc. No. 23 at 2.) This class specifically does not include directional drillers at the defendant company who were categorized as employees, or independent contractors at the defendant company who were not directional drillers. (Doc. No. 23 at 2.)

Given the foregoing and pursuant to the parties' stipulation, the court orders a class conditionally certified consisting of the following:

> All persons who provided services as consultant directional drillers, and in other independent contractor directional driller positions with similar job titles and /or job duties to Baker Hughes, at any time from three years prior to the filing of this action.

Defendant may later seek decertification of the class at an appropriate point in time.

/////

/////

1 The parties also seek a stay pending mediation pursuant to their stipulation, agree to notify
2 the court of the results of their mediation attempts within three days of the completion of
3 mediation or by January 20, 2017, whichever is earlier, and will request a Case Management
4 Conference at that time in the event a settlement is not reached.  The undersigned finds such a
5 stay appropriate and therefore vacates the scheduling order previously entered in this action.
6 (Doc. No. 17.)  The parties are hereby directed to notify the court within three days of the
7 completion of mediation or by January 20, 2017, whichever is earlier, of the status of this action.
8 The matter will thereafter be referred back to the assigned magistrate judge for further scheduling
9 as necessary and appropriate, pursuant to Local Rule 302(c).

IT IS SO ORDERED.

Dated:   **October 4, 2016**                                  _Dale A. Drozd_
                                                                                  UNITED STATES DISTRICT JUDGE